IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE AGC-OPERATING ENGINEER HEALTH AND WELFARE FUND, OPERATING ENGINEERS PENSION FUNDS, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 701-AGC TRAINING TRUST FUND, <br><br>           Plaintiffs,<br>     v.<br><br>ROSS ISLAND SAND & GRAVEL CO,<br><br>           Defendant. | Case No.: 3:24-cv-00944-AN <br><br> OPINION AND ORDER |

Plaintiffs Boards of Trustees of the AGC-Operating Engineer Health and Welfare Fund, Operating Engineers Pension Funds, and International Union of Operating Engineers Local 701-AGC Training Trust Fund bring this action for damages against defendant Ross Island Sand & Gravel Co, alleging a claim for unpaid fringe benefit contributions. The Court entered a default against defendant on July 24, 2024. Plaintiffs now move for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth below, plaintiffs' motion is GRANTED.

## LEGAL STANDARD

After entering an order of default, a district court has discretion to issue a default judgment. *See* Fed. R. Civ. P. 55(b); *DirecTV, Inc. v. Huynh*, 503 F.3d 847, 852 (9th Cir. 2007), *cert. denied*, 555 U.S. 937 (2008). The district court has "considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (per curiam) (footnote omitted); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising their discretion, courts in the Ninth Circuit consider the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). The *Eitel* factors are:

"(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive

claims; (3) the sufficiency of the operative complaint; (4) the sum of money at stake in the litigation; (5) the possibility of dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits."

782 F.2d at 1471-72. However, the "starting point" of a court's analysis "is the general rule that default judgments are ordinarily disfavored" and that cases should be decided upon the merits "whenever reasonably possible." *Id.* at 1472 (citation omitted).

All well-pleaded factual allegations in the complaint must be taken as true, other than the amount of damages. *TeleVideo Sys., Inc.*, 826 F.2d at 917-18 (citation omitted); *DirecTV, Inc.*, 503 F.3d at 854 (citations omitted); *see* Fed. R. Civ. P. 8(b)(6). "However, a 'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *DirecTV, Inc.*, 503 F.3d at 854 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

## BACKGROUND

Plaintiffs are the Boards of Trustees ("Trustees") of the AGC-Operating Engineer Health and Welfare Fund ("Health and Welfare Fund"), Operating Engineers Pension Funds ("Pension Funds"), and International Union of Operating Engineers Local 701-AGC Training Trust Fund ("Training Fund") (collectively, the "Trust Funds"). Compl., ECF [1], ¶ 1. This Court has jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145. *Id.* ¶¶ 2-10. The Health and Welfare Fund and the Training Fund are "employee welfare benefit plans" as defined by 29 U.S.C. § 1002(1), and the Trust Funds are "multiemployer plans" as defined by 29 U.S.C. § 1002(37)(A). *Id.* ¶¶ 2-3. The Trustees are "fiduciaries" of the funds as defined by 29 U.S.C. § 1002(21)(a), and defendant is an "employer" who has been engaged in an "industry or activity affecting commerce" as defined by 29 U.S.C. § 1002(5), (12), and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(1)-(3). *Id.* ¶¶ 4, 6.

Defendant is bound by collective bargaining agreements ("CBAs") that incorporate the terms and conditions of the Trust Funds' governing trust agreements ("Trust Agreements"). *Id.* ¶¶ 7-8; Decl. of Traci Pardee ("Pardee Decl."), ECF [10], ¶¶ 7-9; *see* Pardee Decl. Exs. 1-7. The CBAs obligate defendant to submit monthly fringe benefit contributions to the Trust Funds for covered hours worked by

2

employees of the International Union of Operating Engineers Local 701 ("Local 701"), monthly remittance reports, and union dues and other ancillary funds, by the twentieth day of the month following the month in which work was performed. *Id.* ¶¶ 8, 12. The Trust Agreements provide that if an employer fails to timely submit fringe benefit contributions, that employer is liable for the delinquent contributions, interest on the delinquent contributions at a rate of twelve percent annually, and liquidated damages in the amount of ten percent of the delinquent or untimely paid fringe benefit contributions. *Id.* ¶ 13. The Trust Agreements permit the Trustees to recover a reasonable attorney's fee in the event that an employer fails to timely pay fringe benefit contributions resulting in legal proceedings. *Id.* ¶ 17.

Defendant submitted remittance reports for the period of February through July 2024 for work done by covered employees but failed to submit contribution payments for that period. *Id.* ¶¶ 15-16; Pardee Decl. ¶ 10. Based on all these allegations, plaintiffs seek to recover the unpaid contributions, interest on those contributions, liquidated damages, and attorney's fees and costs.

Plaintiffs served defendant's registered agent on June 14, 2024, ECF [4], and then, after defendant failed to appear or file an answer, filed a motion for entry of default on July 18, 2024, ECF [5]. This Court granted plaintiffs' motion and entered default against defendant on July 24, 2024. ECF [7]; ECF [8]. Plaintiffs filed the instant motion for default judgment on August 23, 2024. Pls. Mot. for Default J. ("Mot."), ECF [9]. Plaintiffs seek $103,751.84 in contributions; $2,501.19 in interest (calculated through August 20, 2024) for the February through July 2024 delinquent period; $8,924.01 in liquidated damages; $2,185.50 in attorney's fees; and $500.00 in costs. Mot. 6. Defendant has not filed any responsive pleadings or a notice of intent to appear.

## DISCUSSION

A.  **Entry of Default Judgment**

The *Eitel* factors support entry of default judgment in this case. First, the refusal to grant a default judgment would be prejudicial to plaintiffs. *See Eitel*, 782 F.2d at 1471-72; *Cortes v. Calderon*, No. 1:20-cv-00221, 2021 WL 6550820, at *2 (D. Or. Dec. 15, 2021). If the Court does not enter a default judgment in plaintiffs' favor, plaintiffs would be left without a remedy. *See, e.g.*, *Cortes*, 2021 WL

3

6550820, at *2 (quoting *J & J Sports Prods., Inc. v. Frei*, No. 4:12-cv-0127-BLW, 2013 WL 3190685, *1 (D. Idaho June 21, 2013)) ("[I]f default judgment were not granted, [the p]laintiff would be denied a legal remedy against the defendants for their allegedly unlawful actions and 'would be left without a remedy given defendant's [sic] failure to appear and defend themselves.'").

To satisfy factors two and three, plaintiffs must state a valid claim in a well-pleaded complaint. *See id.*; *Eitel*, 782 F.2d at 1471-72. ERISA requires "[e]very employer" obligated to make contributions to a multiemployer plan to make such contributions consistent with the terms of the plan. 29 U.S.C. § 1145. Fiduciaries are entitled to sue on behalf of a plan to enforce an employer's obligations arising under ERISA. *Id.* § 1132(g)(2). Plaintiffs here allege that defendant is an employer who failed to make required contributions to the Trust Funds, which are multiemployer plans, from February 2024 onward, and that plaintiffs, as Trustees, meet ERISA's definition of fiduciaries. Compl. ¶¶ 4, 6, 12, 15. These allegations, taken as true, are sufficient to state a claim for unpaid fringe benefit contributions. *See Carpenters Sw. Admin. Corp. v. TBL Constr., Inc.*, No. CV 08-0505 GAF, 2008 WL 11409515, at *3 (C.D. Cal. Aug. 28, 2008).

Regarding the fourth factor, there is at least $115,177.04 in damages, plus $2,685.50 in attorney fees and costs, at stake in this action. *See* Mot. 5-6; Pardee Decl. ¶ 19. With respect to the fifth factor, there is no apparent material dispute of fact. *See Cortes*, 2021 WL 6550820, at *2-3 (reasoning that "because all well-pleaded allegations of the complaint are deemed true after entry of default, 'no likelihood that any genuine issue of material fact exists' after default has been entered" (quoting *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005))). Regarding the sixth factor, defendant has not provided this Court with any explanation that might constitute excusable neglect. And lastly, although policy favors decisions on the merits, defendant's failure to respond or appear has made such a decision impossible. *See id.* at *3.

Therefore, the *Eitel* factors support an entry of default judgment in this case.

**B.     Amounts Owed**

Because the Court accepts as true all well-pleaded allegations in the complaint except those

related to the amount of damages, plaintiffs are required to prove the amount of damages they seek in this action. *See Heidenthal*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 8(b)(6).

    1.    *Contributions, Interest, and Liquidated Damages*

A plan is entitled to an award in its favor when three requirements are met: "(1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award." *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996). In an ERISA action in which judgment is rendered in favor of the plan, the court shall award unpaid contributions, interest, liquidated damages provided for in the plan, and reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2). Liquidated damages cannot exceed twenty percent of the delinquent contributions. *Id.* § 1132(g)(2)(c)(ii).

As noted above, taking the factual allegations in the complaint as true, plaintiffs have established their claim against defendant for unpaid fringe benefit contributions. The declarations and supporting documentation accompanying plaintiffs' motion for default judgment, as well as the supplemental declaration submitted by plaintiffs at this Court's direction, together make clear that (1) there were unpaid contributions; (2) the plan provides for a twelve percent (12%) annual interest rate on those delinquent contributions, and (3) liquidated damages of ten percent (10%) are also permitted by the plan. *See* Pardee Decl. ¶¶ 10, 15, 18 & Exs. 1-8; Decl. of Noelle Dwarzski Supp. Pls. Mot. for Default J. ("Dwarzski Decl."), ECF [11], at ¶ 2; Suppl. Decl. Noelle Dwarzski ("Suppl. Dwarzski Decl."), ECF [13], at ¶ 4. Based on the evidence provided, the Court finds that plaintiffs are entitled to recover the requested amounts: $103,751.84 in contributions; $2,501.19 in interest (calculated through August 20, 2024) for the February through July delinquent period; and $8,924.01 in liquidated damages.

    2.    *Attorney's Fees and Costs*

Pursuant to 17 U.S.C. § 505, district courts have the discretion to allow the recovery of full costs by or against any party, and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." In ERISA cases, fee awards "are calculated using a hybrid lodestar/multiplier approach." *McElwaine v. US W., Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). "To calculate the 'lodestar'

amount, [courts] multiply the number of hours reasonably expended by the attorney(s) on the litigation by a reasonable hourly rate, raising or lowering the lodestar according to factors identified by [the Ninth Circuit]." *Id.* The Ninth Circuit instructs courts to consider:

> "(1) the time and labor required; (2) the novelty and difficult of the questions presented; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

*Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1117 (9th Cir. 1979). The burden is on the petitioner to prove "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (indicating that a reasonable billing rate is determined based on the "prevailing market rate" in the relevant community).

Plaintiffs have provided two declarations by their attorney regarding fees and costs. The declarations, in accordance with the lodestar method, provide the attorney's and paralegal's hourly rates and the number of hours expended, a comparison of the attorney's hourly rate to the billing rates set forth in the Oregon State Bar 2022 Economic Survey Report Findings, as well as an accounting of claimed costs. *See* Dwarzski Decl. ¶¶ 3-6 & Exs. 1-2; Suppl. Dwarzski Decl. ¶¶ 15-20. Based on the evidence provided, the Court finds that plaintiffs are entitled to recover the requested amounts: $2,185.50 in attorney's fees and $500.00 in costs.

## CONCLUSION

Plaintiffs' Motion for Default Judgment, ECF [9], is GRANTED. Defendant is ordered to pay plaintiffs:

    1.    Contributions in the principal amount of $103,751.84;

    2.    Interest on the unpaid contributions (calculated through August 20, 2024) for the February through July 2024 delinquent period in the amount of $2,501.19;

    3.    Liquidated damages in the amount of $8,924.01;

    4.    Attorney's fees in the amount of $2,185.50; and

    5.    Costs in the amount of $500.00.

IT IS SO ORDERED.

DATED this 22nd day of January, 2025.

*[signature]*
Adrienne Nelson
United States District Judge